EX PARTE MOTION re: United States v. Wolfe Margolies 19Cr178(KMW)

19-cr-178 (KMW); related case 22-cv-3489 (KMW)

COMES NOW the Defendant, appearing pro se, and moves this Honorable Court <u>ex parte</u> to authorize an expert pathologist and/or toxicologist *to obtain* the Toxicology Report of the decedent whose death triggered application of Guidelines § 2D1.1(a)(2) – which underlies this ineffective assistance of counsel claim – and *to review* the Toxicology Report in conjunction with the Autopsy Report, law enforcement affidavits in Defendant's case, and any police reports surrounding the death, and *to prepare a written expert opinion* as to whether or not Defendant's sale of heroin to the decedent approximately 20 hours before his death was or was not a "but-for" cause of death, which is required under <u>Burrage v. United States</u>, 571 U.S. 204 (2014).

Defendant's trial counsel's <u>representation was deficient</u> because, *knowing the death occurred long after Defendant's conduct*, it fell below an objective standard of reasonableness to investigate causality – whether for example the Toxicology Report indicated that the decedent ingested other drugs in the 20-hour gap, such as fentanyl or alcohol or sleeping pills not supplied by Defendant, that negated "but-for" causation – so that counsel might properly and knowingly advise the Defendant whether to accept or reject the Government's plea offer that stipulated to a Guidelines enhancement from level 12 for distribution of less than 10 grams of heroin (§ 2D1.1(a)(14)) to level 38 for distribution with a resulting death (§ 2D1.1(a)(2)).

An expert opinion that evidence was insufficient to establish by a preponderance that Defendant's conduct was the proximate or "but-for" cause of the death would constitute objective evidence in support of Defendant's claim of deficient performance. It would also support Defendant's claim that counsel's <u>deficient performance caused him prejudice</u>, *that had counsel informed him that he could plead guilty to the indictment instead of the plea offer stipulating to level 38*, there is a "reasonable probability the result of the sentencing would have been different" as he would have pleaded guilty to the indictment and offered the report into evidence at any sentencing hearing to override the Government's unsubstantiated claim that the death enhancement should apply. (The Government never obtained the Toxicology Report, according to the attached Government e-mail to my appellate lawyer.) Then, the Guidelines range would have been much lower: the adjusted total offense level for the narcotics and pornography counts combined without the "death resulting" enhancement would have been level 25 and, at Criminal History Category I, the corresponding sentencing range would have been 57 to 71 months. This Court sentenced Defendant at the <u>bottom</u> of the sentencing range it calculated with the death enhancement (168 months), suggesting that it would have imposed a lower sentence had Defendant pled guilty to the indictment without the death enhancement and the PSR properly calculated his range as 57-71 months.

Defendant also respectfully requests that the time to file a response to the Government's July 1, 2022 answer, be extended to 60 days *after* a decision on the instant motion authorizing an expert, to allow the expert time to obtain and review documents, and write a report, upon which Defendant can rely in filing his response; or in the event the instant motion is denied, that the time to respond be extended to 30 days after Defendant receives a copy of that Court order.

WHEREFORE, Defendant moves this Honorable Court <u>ex parte</u> to authorize Defendant to engage an expert, whom Defendant's CJA appellate attorney has recommended from this Court's CJA expert list, to be paid through the CJA system as Defendant is indigent and previously provided a financial affidavit to that effect.

**From:** Bracewell, Mollie (USANYS)
**To:** Alessandra DeBlasio
**Cc:** Bagliebter, Jamie (USANYS); Shin, Won (USANYS); Maurice Sercarz
**Subject:** Re: U.S. v. Margolies, 19-cr-178 (appeal 20-60)
**Date:** Monday, August 17, 2020 3:03:54 PM

Hi Alessandra,

Thanks for your email, and hope you are also well. We should be able to have the discs re-burned and mailed to you. Where should we mail them? I believe the production includes the death certificate but I don't believe we ever obtained a toxicology report. I will double check and let you know.

Thanks,
Mollie

Mollie Bracewell
Assistant U.S. Attorney


On Aug 16, 2020, at 11:21 AM, Alessandra DeBlasio <ad@adeblasiolaw.com> wrote:

> Dear Mollie and Jamie,
> First, Mollie congratulations!, and welcome back from maternity leave, and hoping all went perfectly despite these extraordinary circumstances.
> I write now, having received all of the Mag Ct and Dist Ct transcripts, to request copies of the discovery your office provided in the *Margolies* case (19-cr-178).
> I am hoping that this is not too burdensome, that it doesn't require someone rummaging around your office, but is available electronically and easily forwarded to me (or mail-able by disc, and preferably to my home).
> I also wonder if a toxicology report was ever generated and if your office ever obtained it? If so, I would like to see a copy of it.
> Wishing you all well these days, particularly as we return back to school/work in September.
> Best,
> Alessandra DeBlasio
> 2d Cir. CJA counsel for Wolfe Margolies
>
> **From:** Bracewell, Mollie (USANYS) [mailto:Mary.Bracewell@usdoj.gov]
> **Sent:** Tuesday, February 25, 2020 12:11 PM
> **To:** Alessandra DeBlasio <ad@adeblasiolaw.com>
> **Subject:** Automatic reply: Request for Statement of Reasons: U.S. v. Margolies, 19-cr-178
>
> Thank you for your email. I'm out of the office on maternity leave until May. Please contact the other AUSA on the case, or AUSA Jamie Bagliebter at 212-637-2236.



This Cover Page can be Scanned into an ECMS Scanner or Faxed to 646-610-6900.

## Case Command :740 - NARCOTICS BOROUGH BROOKLYN SOUTH
Case Number :2018-0023
Tracking Number :43074651



http://ecms.nypd.org/ecms/reports/coversheet.jsp?sysDd5Num=43074651&sysCaseNum=...   5/10/2018

USAO_000227

17184674963  05:45:39 p.m.  05-10-2018  2/2

# THE CITY OF NEW YORK – DEPARTMENT OF HEALTH AND MENTAL HYGIENE
## CERTIFICATE OF DEATH

Certificate No. 156-18-006356

DATE FILED: FEBRUARY 08, 2018 11:47 AM

NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE

☐ New  ☒ Corr/Amend  ☐ Replacement

**1. DECEDENT'S LEGAL NAME** (First, Middle, Last): [REDACTED]

**2a. Place of Death - How New York City:** 2b. Borough: Brooklyn
**2c. Type of Place:** ☐ Hospital Inpatient  ☐ Emergency Dept/Outpatient  ☐ Dead on Arrival  ☐ Nursing Home/Long Term Care Facility  ☐ Hospice Facility  ☒ Decedent's Residence  ☐ Other Specify
**2d. Any Hospice care in last 30 days:** ☐ Yes  ☒ No  ☐ Unknown
**2e. Name of hospital or other facility:** Brooklyn, New York 11232

**3a. Date and Time of Death or Found Dead:** February 03 2018
**3b. Time:** 06:12 ☐ AM  ☒ PM
**4. Sex:** Male
**5. OCME Case No.:** K18003385

**6. CAUSE OF DEATH - PART I**
a. Immediate cause: Acute Heroin Intoxication
b. Due to or as a consequence of: ***
c. Due to or as a consequence of: ***

**PART II** Other significant conditions contributing to death but not resulting in the underlying cause given in Part I. Include operation information.
***

**7a. Injury Date:** Unknown
**7b. Time:** Unknown ☐ AM ☐ PM
**7c. At Work:** ☐ Yes  ☒ No
**7d. Place of Injury:** Residence
**7e. Location:** Brooklyn, New York 11232
**7f. How Injury Occurred:** Substance Abuse
**7g. If Transportation Injury Specify:** ☐ Driver/Operator  ☐ Pedestrian  ☐ Passenger  ☐ Other Specify

**8. Manner of Death:** ☐ Pending further study  ☐ Natural  ☐ Homicide  ☒ Accident  ☐ Suicide  ☐ Undetermined
**9. Autopsy:** ☒ Yes  ☐ No Autopsy Pursuant to Law  ☐ No Autopsy
**10.** On the basis of examination and/or investigation, in my opinion, death occurred due to the causes and manner as stated.
Certifier Signature: Gene Maya  D.O. Date FEB-05-2018
Certifier Name (Print): Gene Maya — Medical Examiner
Signature Electronically Authenticated

**11a. Usual Residence State:** New York  **11b. County:** Erie  **11c. City or Town:** East Aurora  **11d. Street and Number:** [REDACTED]  **Apt. No.:**  **ZIP Code:** 14052  **11e. Inside City Limits?** ☒ Yes  ☐ No

**12. Date of Birth:** August 23 1989
**13. Age at last birthday (years):** 28

**14. Social Security No.:** [REDACTED]

**15a. Usual Occupation:** Computer Programmer  **15b. Kind of business or industry:** Online Retail  **16. Aliases or AKAs:** *** ***

**17. Birthplace:** Buffalo, New York
**18. Education:** ☒ Some college credit, but no degree

**19. Ever in U.S. Armed Forces?** ☐ Yes  ☒ No
**20. Marital/Partnership Status at time of death:** ☒ Never Married
**21. Surviving Spouse's/Partner's Name:** *** ***

**22. Father's Name:** [REDACTED]
**23. Mother's Maiden Name:** [REDACTED]

**24a. Informant's Name:** [REDACTED]
**24b. Relationship to Decedent:** Father
**24c. Address:** East Aurora, New York 14052

**25a. Method of Disposition:** ☒ Cremation
**25b. Place of Disposition:** Forest Lawn Crematory
**25c. Location of Disposition:** Buffalo, New York
**25d. Date of Disposition:** 02 12 2018

**26a. Funeral Establishment:** International Funeral Service of New York, Inc.
**26b. Address:** 4123 4th Avenue, Brooklyn, New York 11232

Certifier-Last Name- formerly Pasquale-Styles; approved by Deputy City Registrar J. Hicks on Feb-26-2018; Certifier-First Name- formerly Melissa; approved by Deputy City Registrar J. Hicks on Feb-26-2018; Certifier-Title- formerly Deputy Chief Medical Examiner; approved by Deputy City Registrar J. Hicks on Feb-26-2018; Cause of Death-Line A Description- formerly Pending Further Studies; approved by Deputy City Registrar J. Hicks on Feb-26-2018; Injury-Date/Time of Injury- formerly blank; approved by Deputy City Registrar J. Hicks on Feb-26-2018; Injury-At Work- formerly blank; approved by Deputy City Registrar J. Hicks on Feb-26-2018; Injury-Place of Injury Description- formerly blank; approved by Deputy City Registrar J. Hicks on Feb-26-2018; Injury-Address Street Number- formerly blank; approved by Deputy City Registrar J. Hicks on Feb-26-2018; Injury-Address Street Name- formerly blank; approved by Deputy City Registrar J. Hicks on Feb-26-2018; Injury-Address City- formerly blank; approved by Deputy City Registrar J. Hicks on Feb-26-2018; Injury-Address State- formerly blank; approved by Deputy City Registrar J. Hicks on Feb-26-2018; Injury-Address Zip Code- formerly blank; approved by Deputy City Registrar J. Hicks on Feb-26-2018.

---

## THE CITY OF NEW YORK – DEPARTMENT OF HEALTH AND MENTAL HYGIENE
### MEDICAL EXAMINER'S SUPPLEMENTARY REPORT

VR 16 (Rev. 01/09)

To be filled in by FUNERAL DIRECTOR or, in case of City Burial, by OCME

Certificate No. 156-18-006356

**27. Ancestry:** ☒ Hispanic (Mexican, Puerto Rican, Cuban, Dominican, etc.)
Specify: Unknown
☐ NOT Hispanic
Specify: Unknown

**28. Race:** ☒ 01 White

**29a. If Female:** —
**29b. If pregnant within one year of death, outcome of pregnancy:** —
**29c. Date of Outcome:** —

**30. Did tobacco use contribute to death?** ☐ Yes  ☐ No  ☐ Probably  ☒ Unknown

**31. For infant under one year:** —

**Cleared For Cremation If Family Requests**

M.E. Signature: Gene Maya

I certify that I personally examined the body on _____ at _____ (Date) (Location)
SIGNATURE: _____ (Medical Investigator) (Deputy Chief) (Chief) (Medical Examiner)
or
I did not personally examine the body after death.
SIGNATURE: Gene Maya (Deputy Chief) (Chief) (Medical Examiner)

**DECEDENT'S LEGAL NAME** (Type or Print): [REDACTED]

System Case Id 18356170

USAO_000228

Wolfe Margolies 37756-034
FCI Danbury
Route 37
Danbury, CT 06811

WESTCHESTER NY 105
7 JUL 2022 PM 2 L

The Honorable Barbara Moses
U.S. Magistrate Judge
U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Legal Mail

FEDERAL CORRECTIONAL INSTITUTION DANBURY
33 1/2 PEMBROKE ROAD, DANBURY, CT 06811
DATE:

THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAIL PROCEDURES FOR FORWARDING TO YOU.
THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED.
IF THE WRITER RAISES A QUESTION OR PROBLEM OVER
WHICH THIS FACILITY HAS JURISDICTION, YOU
MAY WISH TO RETURN THE MATERIAL FOR FURTHER
INFORMATION OR CLARIFICATION. IF THE WRITER
ENCLOSED CORRESPONDENCE FOR FORWARDING
TO ANOTHER ADDRESSEE, PLEASE RETURN
THE ENCLOSURES TO THE ABOVE ADDRESS.