

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 21, 2022

**BY ECF**

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Wolfe Margolies*, 19 Cr. 178 (KMW)

Dear Judge Wood:

    The Government writes in response to the Court's order issued on August 22, 2022 (*see* Dkt. No. 56), that the Government respond to the defendant Wolfe Margolies's supplemental *pro se* motion (*see* Dkt. No. 54, "Def. Supp. Mtn."). As set forth below, the defendant's supplemental motion should be denied.

### I.    Background

    The Government incorporates the factual background previously set forth in its initial response, which was filed on July 5, 2022. (*See* Dkt. No. 53, "Opp.").

    As previously described in the Government Response, and set forth in the Presentence Report, law enforcement linked Margolies to a February 2018 heroin overdose death of an individual in Brooklyn, New York (the "Victim"). In the hours prior to the Victim's death, Margolies was in communication with the Victim about arranging a delivery of heroin. Specifically, on February 2, 2018, the Victim communicated with Margolies and arranged to purchase three bundles of heroin. (PSR ¶ 18). The Victim tried to move forward the meeting time and Margolies indicated that he had to restock before he could meet ("Gotta reup. Going to u soon as I can."). (PSR ¶ 18). Margolies communicated with the Victim to provide an update on his arrival time ("walking from train"). The Victim responded "Alright" – which was the last outgoing message from the Victim's phone. (PSR ¶ 19). The Victim was found dead in his Brooklyn, New York apartment on February 3, 2018. (PSR ¶ 22). Among the discovery materials was paperwork from the medical examiner showing that the Victim died of acute heroin intoxication.

    The defendant pleaded guilty before Magistrate Judge Lehrburger on June 24, 2019, pursuant to a plea agreement with the Government (the "Plea Agreement," *see* Opp., Ex. A at 5), and this Court accepted the guilty plea on June 27, 2019.

The Plea Agreement acknowledged he was pleading guilty because he was in fact guilty, and waived his right to make discovery-related challenges to his plea or conviction:

> The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, or impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant was sentenced by this Court on December 2, 2019. The Court confirmed that parties had reviewed the Presentence Report and did not have any additional objections to the facts as set forth. The defendant did not object to the facts setting forth the narcotics related offense conduct.[1]

Despite the appellate waiver in the Plea Agreement, the defendant challenged the Plea Agreement and his within-Guidelines sentence on direct appeal. At the time of the appeal, the defendant was represented by new counsel. At appellate counsel's request, the Government reproduced the death certificate that showed the cause of death for the Victim (what is attached as an exhibit to Defendant's Motion).

On May 14, 2021, the Second Circuit dismissed Margolies's appeal as barred by the appellate waiver in the Plea Agreement. *See United States v. Wolfe Margolies*, Case No. 20-60, Doc. 83.

## II.  Section 2255 Petition

The defendant initially filed a *pro se* motion under 18 U.S.C. § 2255 on or about April 27, 2022, claiming that his attorney's representation was ineffective. (Dkt. No. 50, "Def. Mtn."). The defendant argued that he was not properly advised as to the "full consequences of his guilty plea pursuant to the Plea Agreement." In his initial petition, the defendant alleged two errors: (i) that with respect to the drug trafficking charge, his offense level would have been 12 rather than 38 and thus that his Guidelines were "inflated" as a result of his plea agreement, (*see* Def. Mtn. at 15-16, 21-23), and (ii) that he had an affirmative defense to the child pornography count, (*see* Def.

---

[1] Defense counsel had submitted written objections to the Probation Department with respect to several paragraphs that related to the child pornography offense. Those paragraphs did not affect the Guidelines calculation. Specifically, the defendant objected to the Presentence Report's description of the number of files constituting "child erotica" on the defendant's cellphone (¶ 30); the case agent's description of the material on the defendant's laptop and an external hard drive as being substantially "sexual in nature" (¶ 31), and a description of screenshots of the defendant's chats with individuals under 18 insofar as it gave rise to a possible inference that the defendant had intimate contact with such individuals, which the defendant disputed (¶ 33).

Mtn. at 15-16, 21). As set forth in the Government's earlier response, both arguments are without merit.

The defendant has now filed a supplemental *pro se* motion arguing, in essence, that the Government's causation proof with respect to the overdose death of the Victim was inadequate. The defendant first requests that the Court authorize an expert pathologist and/or toxicologist to investigate the Victim's death and second argues that defense counsel's failure to investigate causality rendered his representation deficient. (*See* Def. Mtn. at 1).

The defendant's demand for a toxicology or pathologist should be denied. There is no basis for the defendant to make what amounts to a discovery demand given that he has already admitted his factual guilt and waived discovery-related challenges to his plea and sentence.

The defendant's argument about defense counsel's failure to investigate relies entirely on appellate counsel's email correspondence with the Government requesting previously produced discovery materials. The defendant does not address, nor could he possibly refute, the other evidence that overwhelmingly established his culpability for the overdose death of the Victim as he otherwise admitted during his plea allocution, including the following proof:

1) The defendant's communications with the Victim shortly before the Victim's death, during which the Victim urged the defendant to come as soon as the defendant was able;

2) The defendant's communications with the Victim indicating that the defendant needed to "re-up" – *i.e.*, that the defendant had to obtain additional heroin to sell to the Victim;

3) The defendant's communications with the Victim indicating that they were about to meet;

4) The fact that the Victim's outgoing communications cease after his final communications confirming the imminent meeting with the defendant; and

5) The medical examiner's report showed the cause of death as acute heroin intoxication, meaning that the Victim died of the very drugs that the defendant provided him with.

      The defendant's new argument for why his counsel was ineffective fails for all the reasons previously set forth in the Government's response; the defendant's dissatisfaction with his sentence does not mean that his counsel was deficient in negotiating the plea. The defendant's supplemental motion should be denied.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York

By:   /s/ Mollie Bracewell
    Mollie Bracewell
    Assistant United States Attorney
    (212) 637-2218

cc:     Wolfe Margolies (by mail)