UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                      Case No. 22-cv-3489 (KMW)

       -against-

                                      Case No. 19-cr-178 (KMW)

WOLFE MARGOLIES,
      Defendant/Movant.
-----------------------------------------------------------X

### REPLY TO GOVERNMENT'S RESPONSE TO
### *EX PARTE* MOTION RELATED TO MOTION UNDER 28 U.S.C. § 2255
### TO VACATE, SET ASIDE, OR CORRECT A SENTENCE

COMES NOW the Defendant, appearing *pro se*, and replies to the Government's Response to his Ex Parte Motion related to the underlying motion to set aside his conviction and sentence pursuant to 28 U.S.C. § 2255.

The Petitioner's request for authorization to obtain the toxicology report, and to hire an expert to interpret the results, does not amount to a "discovery demand" as the Government suggests. ECF 57 at 3.

First, there is no demand of the Government as it apparently never obtained the toxicology report.

Second, the request for authorization to obtain the report and provide the court with an expert opinion as to causality is *not* a discovery request for the sake of the underlying case, but rather is to establish one of the main claims on this petition pursuant to 28 U.S.C. § 2255: the prejudice caused by counsel's ineffective performance in failing to obtain the report, and a related expert opinion, to enable counsel to provide informed advice as to whether his client should plead

guilty pursuant to the plea agreement (admitting causality for the death), or to instead simply plead to the indictment (not agreeing to the enhancement for a death resulting).

Third, the toxicology report, and an explanatory expert opinion, would override (and "refute") what the Government mischaracterizes as "evidence overwhelmingly establish[ing] his culpability for the overdose death." ECF 57 at 3. (Reply at 3). The evidence did *not* overwhelmingly establish temporal causality (there was an eighteen-hour gap between delivery and death), nor did it convincingly establish substance causality. What did "overwhelmingly" establish culpability was the Movant's guilty plea, upon the advice of counsel, now under challenge.

The toxicology report will establish an approximate time of death (if a few hours after delivery, or *eighteen* hours later, which an expert could then interpret for the court), as well as whether other toxic substances were present, such as fentanyl (which the Movant did not supply), an intervening factor which an expert could interpret for the Court.

WHEREFORE, the Movant respectfully maintains that appointment of an expert toxicologist is appropriate, and that, regardless of the ruling on this request, that counsel's representation was ineffective in violation of his Sixth Amendment right to effective assistance of counsel during the plea-process stage of the proceedings and, as a result, prays that this Honorable Court vacate his conviction and sentence or provide any other relief it deems necessary and proper.

Respectfully submitted,

WOLFE MARGOLIES
Defendant/Movant, *Pro Se*

WESTCHESTER NY 105
29 SEP 2022 PM 5 L

Hon. Barbara Moses
U.S. Courthouse
500 Pearl St
New York, NY 10007-1312

Jaire Margolles 5176 CT
FCI Danbury
Route 37
Danbury, CT 0681

FEDERAL CORRECTIONAL INSTITUTION DANBURY
33 1/2 PEMBROKE ROAD, DANBURY CT, 06811
DATE:
THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAIL PROCEDURES FOR FORWARDING TO YOU.
THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED.
IF THE WRITER RAISES A QUESTION OR PROBLEM OVER
WHICH THIS FACILITY HAS JURISDICTION, YOU
MAY WISH TO RETURN THE MATERIAL FOR FURTHER
INFORMATION OR CLARIFICATION, IF THE WRITER
ENCLOSES CORRESPONDENCE FOR FORWARDING
TO ANOTHER ADDRESSEE, PLEASE RETURN
THE ENCLOSURES TO THE ABOVE ADDRESS.